Xue v. Holder

BIA
Laforest, IJ
A087 446 589

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand thirteen.

PRESENT:
    ROBERT D. SACK,
    PETER W. HALL,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

AIQIN XUE,
        *Petitioner,*

        v.                                    12-1196
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Zhong Yue Zhang, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Richard M. Evans,
                       Assistant Director; Jeffrey J.
                       Bernstein, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Aiqin Xue, a native and citizen of the People's Republic of China, seeks review of a March 16, 2012, decision of the BIA (1) affirming the July 14, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied her application for asylum and granted withholding of removal; and (2) remanding the proceedings to the IJ. *In re Aiqin Xue*, No. A087 446 589 (B.I.A. Mar. 16, 2012), *aff'g* No. A087 446 589 (Immig. Ct. N.Y. City July 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Xue's premature petition for review has now ripened into a valid petition for review. *See Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010). We review the discretionary denial of asylum for abuse of discretion. 8 U.S.C. § 1252(b)(4)(D); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96, 101 (2d Cir. 2006).

The agency's decision to deny asylum as a matter of discretion to someone who falls within the definition of refugee requires an analysis of the "totality of the circumstances," in which adverse factors are balanced against favorable ones. *Wu Zheng Huang*, 436 F.3d at 98. In this case, the agency did not abuse its discretion. First, the IJ's adverse credibility determination as it relates to Xue's visa application and her testimony regarding that application, is supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (providing that adverse credibility determinations are reviewed for substantial evidence). The IJ reasonably based her adverse credibility determination on inconsistencies between Xue's testimony and her visa applicant report. In her testimony, she stated that she did not the tell the U.S. government that the purpose of her visit was to see her daughter, who was studying in the U.S. The visa applicant report, in contrast, states that Xue indicated she wanted to see her daughter, who was studying in the U.S., and that Xue presented a letter from her daughter discussing her studies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (identifying inconsistencies as a valid

3

basis for an adverse credibility determination).  Moreover, the IJ reasonably declined to credit Xue's explanation for the inconsistency:  that a friend prepared her visa application for her, she was not aware of its contents, and she signed it without reading it.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Accordingly, given the inconsistency, the totality of the circumstances supports the agency's conclusions that Xue was not credible in her testimony regarding her visa application and that she submitted a fraudulent visa application.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The IJ then concluded that Xue did not merit a positive exercise of discretion given her fraudulent visa application and her incredible testimony with regard to that application.  Although the IJ did not weigh Xue's positive equities against these negative factors, upon *de novo* review, the BIA, after affirming the IJ's finding that Xue engaged in "fraudulent conduct," did consider both positive and negative equities, and affirmed the discretionary denial of asylum based on a totality of the circumstances.  Because, as set forth below, the BIA sufficiently weighed the equities and provided a reasoned explanation, we find no

4

abuse of discretion.  *See Wu Zheng Huang*, 436 F.3d at 99; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

The BIA considered the positive factors — that absent a grant of asylum, there was no reasonable way for Xue to reunite with her family; Xue has no criminal or terrorist history; and there was a danger she would be persecuted in China.  *See Kong Min Jian v. INS*, 28 F.3d 256, 259 (2d Cir. 1994); *In re Kasinga*, 21 I. & N. Dec. 357, 367 (BIA 1996); *In re H-*, 21 I. & N. Dec. 337, 348 (BIA 1996). And the BIA considered Xue's fraudulent conduct in connection with her visa application, which occurred when she was not fleeing persecution, and her lack of credibility when testifying as to the visa application.  *See Kong Min Jian*, 28 F.3d at 259; *In re Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989).  Xue's inability to reunite with her family in the United States absent a grant of asylum is a serious consideration weighing in favor of a positive exercise of discretion.  The BIA did not abuse its discretion, however, when it weighed the positive factors against the negative factors and concluded that a totality of the circumstances did not merit a positive exercise of discretion, particularly given that due to the grant of withholding of removal, Xue will not be

5

returned to China, and Xue did not suffer past persecution in China. *See Wu Zheng Huang*, 436 F.3d at 99; *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk